IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. HAMERTER,<br>    Plaintiff,<br>  v.<br>STATE OF CALIFORNIA,<br>    Defendant.                      / | No. C 07-03409 CRB<br>**ORDER** |

     Now before the Court is plaintiff's application to proceed *in forma pauperis* ("IFP"). A court may authorize a plaintiff to prosecute an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor. See 28 U.S.C. § 1915(a). Plaintiff has submitted the required documentation, and it is evident from his application that his assets and income are insufficient to enable plaintiff to prosecute the action.

     Viewing plaintiff's application in isolation, it appears that he should be allowed to proceed IFP. A court is under a continuing duty, however, to dismiss a case whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-- (iii).

Plaintiff's complaint names as the only defendant the "State of California." Of the ten counts in his complaint, however, only three refer at all to the State of California. Count 5 alleges that the State of California is liable for "historical prejudice" against African Americans who graduate with an advanced degree from a California State University. On this claim plaintiff seeks restitution for college tuition, fees and monies plaintiff would have earned had he "been treated fairly and given the opportunity for gainfully employment."

In Count 9 plaintiff recites 246 years of prejudice against African Americans and asserts that the "State of California is liable for finding employment for the plaintiff."

Count 10 alleges that all states in the United States have discriminated against African Americans.

Plaintiff's complaint does not state a claim against the State of California. First, the claims for monetary damages are barred by the doctrine of sovereign immunity. Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir. 1997). Second, the Court is not aware of any law that would otherwise permit the claims made by plaintiff against the State of California. Accordingly, the complaint is DISMISSED.

**IT IS SO ORDERED.**

Dated: Aug. 3, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE